IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DANA MILLER,**

    **Plaintiff,**

v.

**COUNTRYWIDE HOME
LOANS, INC., et al.,**

    **Defendants.**

Case No. 2:11-cv-393
**Judge Sargus**
**Magistrate Judge Kemp**

## ORDER

    Plaintiff Dana Miller's Motion for an Emergency Temporary Injunction of Foreclosure Eviction (Docs. 3 & 24) is **DENIED**. Plaintiff seeks preliminary injunctive relief concerning his eviction from his home following foreclosure proceedings in state court. However, preliminary relief is not appropriate as Plaintiff represents that the eviction already occurred on May 6, 2011, the day Plaintiff filed this action.

    Additionally, Plaintiff has failed to establish entitlement to injunctive relief. The Sixth Circuit Court of Appeals has explained the inquiry involved in addressing either a motion for a temporary restraining order or a preliminary injunction:

> When ruling on a motion for [injunctive relief], a district court must consider and balance four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004) (quoting *Blue Cross & Blue Shield Mut. of Ohio v. Columbia/HCA Healthcare Corp.*, 110

F.3d 318, 322 (6th Cir. 1997) (internal quotations and citations omitted)). *See also Edward Rose & Sons*, 384 F.3d at 261 (6th Cir. 2004) (quoting *Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir.1994)). The Sixth Circuit has further explained that a district court should not consider the foregoing factors as prerequisites to be met; rather, these factors are to be balanced in a weighing of the equities involved. *Edward Rose & Sons*, 384 F.3d at 261.

Here, an award of preliminary relief is not warranted as there is little likelihood that Plaintiff will succeed on the merits of his various claims. In this regard, the foreclosure of Plaintiff's mortgage has been litigated in state court and issues surrounding the foreclosure have previously been litigated in this Court in civil action number 2:09-cv-674. Accordingly, without ruling on the merits of this action, the Court notes that the Rooker-Feldman doctrine, which would deprive this Court of jurisdiction over Plaintiff's claims, and the doctrine of res judicata, which generally precludes re-litigation of previously decided issues, likely operate as substantial obstacles that Plaintiff must overcome in order to succeed on the claims brought in the instant action, which also arise from the foreclosure.

Finally, injunctive relief is also not appropriate as Defendants do not retain any interest in the residence that is the subject of this action. As Defendant's have demonstrated, the Federal National Mortgage Association, a third party not properly before this Court, is the current owner of the residence. (*See* Doc. 18-9.) For the foregoing reasons, Plaintiff's motion for preliminary relief (Docs. 3 & 24) is **DENIED**.

IT IS SO ORDERED.

\_\_\_\_8-2-2011_____  _____/s/_____
**DATED**  **EDMUND A. SARGUS, JR.**
  **UNITED STATES DISTRICT JUDGE**