08-5136 DLS 4/09/09

In The Court Of Common Pleas
Delaware County, Ohio

| | |
|---|---|
| Countrywide Home Loans, Inc. | Case No.: 08 CV E 08 1170 |
| Plaintiff | Judge: Everett H. Krueger |
| vs. | JUDGMENT ENTRY |
| Dana J. Miller, et al., | |
| Defendants | |

This cause came on to be heard and was submitted to the Court upon the Complaint, Motion for Summary Judgment, Affidavit and Certified Exhibits of the Plaintiff, Countrywide Home Loans, Inc., the Answer of the Delaware County Treasurer, the documents filed by Defendant, Dana J. Miller, and the evidence.

The court finds that reasonable minds can come to but one conclusion and that conclusion is that the Plaintiff is entitled to judgment as a matter of law. Therefore, Plaintiff's Motion for Summary Judgment is hereby granted.

The Court finds that all necessary parties have been served with summons according to law and are properly before the Court, that the defendants, Jane Doe, Real Name Unknown, The Unknown Spouse, If Any, of Dana J. Miller is in default of answer or other pleading and thereby confess the allegations of the Complaint to be true and said defendants are forever barred from asserting any right, title or interest in and to the hereinafter described premises.

The Court finds that there is due the Treasurer of Delaware County, Ohio, taxes, accrued taxes, and assessments on the premises hereinafter described including: (1) taxes and assessments which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of that year that precedes confirmation, and any penalties and interest on those taxes and assessments; and, (2) all other taxes, assessments, penalties and interest which attached for a prior tax year, but have

not been paid on or before the date of confirmation. The exact amount of said taxes, accrued taxes, assessments, and penalties are unascertainable at this time, but will be determined at the time of the Sheriff's sale of said premises for which amount the Delaware County Treasurer has a good and valid first lien.

The Court finds on the evidence adduced that there is due plaintiff from the defendant, Dana J Miller, on the promissory note set forth in the first count of its Complaint the sum of $268,681.63 plus interest at the rate of 6.0% per annum, from August 1, 2007, plus applicable late charges for which sums judgment is hereby rendered in favor of the plaintiff against the defendant, Dana J Miller.

The Court further finds that in order to secure the payment of the promissory note aforesaid, that Dana J Miller, Surviving Spouse of Sandra K. Miller, executed and delivered to Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc., his certain mortgage deed as in the second count of said Complaint described, thereby conveying to it the following described premises:

(SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF)

| | |
|---|---|
| PREMISES COMMONLY KNOWN AS: | 11665 Center Village Road<br>Galena, OH 43021 |
| PERMANENT PARCEL NO.: | 31623001038000 |

That said mortgage was duly filed with the Recorder of Delaware County on April 12, 2006 at 11:25 a.m. and was by him thereafter recorded in Volume 700, Page 444, of the records of said County and thereby became and is a valid and second lien upon said premises, subject only to the lien of the Treasurer for real estate taxes and assessments; that said mortgage was duly assigned to the plaintiff; that the conditions in the mortgage deed have been broken by reason of nonpayment and the same has become absolute; and, that the plaintiff is entitled to have the equity of redemption of all defendants named in this action in and to said premises foreclosed.

The Court further finds that there is no just cause for delay in awarding plaintiff its judgment as aforesaid but further finds that there is or may be due plaintiff for sums advanced and to be advanced for real estate taxes, insurance premiums and property protection as alleged in its Complaint, the exact

amount of which is unknown at this time but which amount will be known at the time of sale hereof, and which amount constitutes a good, valid and subsisting lien, with the same priority as plaintiff's mortgage, hereinabove described, in favor of plaintiff.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED, that unless there is paid or caused to be paid, within three (3) days of the entry of this decree, to the Clerk of this Court, the costs of this case, taxes due and payable and to the plaintiff the sums found to be due it as aforesaid, together with interest due thereon, and the advances due plaintiff for real estate taxes, insurance premiums and property protection, the equity of redemption of all defendants named in this action in and to said premises shall be foreclosed and said premises sold; and, that an order of sale therefore shall issue to the Sheriff of Delaware County directing him to appraise, advertise in a newspaper of general circulation within the County and sell said premises as upon execution and according to law, free and clear of the interest of all parties to this action.

PURSUANT TO CIVIL RULE 58(B), THE CLERK IS HEREBY DIRECTED TO SERVE UPON ALL PARTIES NOT IN DEFAULT FOR FAILURE TO APPEAR NOTICE OF THIS JUDGMENT AND ITS DATE OF ENTRY UPON THE JOURNAL.

RECORD IS HEREBY ORDERED.

_____
Judge Everett H. Krueger

APPROVED:

_____
Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A.
By Brian L. Bly (0083199)
Eric T. Deighton (0071456)
Attorneys for Plaintiff

This document sent to each attorney/party by:
☒ ordinary mail
☐ fax
☐ attorney mailbox
☐ certified mail
Date: 4/21/09 By: _____

_approval attached_
_____
Christopher D. Betts
Attorney for Defendant
Delaware County Treasurer

The Court is ordered to serve upon all parties not in default to appear, notice of the judgment and date of entry upon the journal within three days of journalization.

**THIS IS A FINAL APPEALABLE ORDER.**
**THERE IS NO JUST CAUSE FOR DELAY.**

amount of which is unknown at this time but which amount will be known at the time of sale hereof, and which amount constitutes a good, valid and subsisting lien, with the same priority as plaintiff's mortgage, hereinabove described, in favor of plaintiff.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED, that unless there is paid or caused to be paid, within three (3) days of the entry of this decree, to the Clerk of this Court, the costs of this case, taxes due and payable and to the plaintiff the sums found to be due it as aforesaid, together with interest due thereon, and the advances due plaintiff for real estate taxes, insurance premiums and property protection, the equity of redemption of all defendants named in this action in and to said premises shall be foreclosed and said premises sold; and, that an order of sale therefore shall issue to the Sheriff of Delaware County directing him to appraise, advertise in a newspaper of general circulation within the County and sell said premises as upon execution and according to law, free and clear of the interest of all parties to this action.

PURSUANT TO CIVIL RULE 58(B), THE CLERK IS HEREBY DIRECTED TO SERVE UPON ALL PARTIES NOT IN DEFAULT FOR FAILURE TO APPEAR NOTICE OF THIS JUDGMENT AND ITS DATE OF ENTRY UPON THE JOURNAL.

RECORD IS HEREBY ORDERED.

_____
Judge Everett H. Krueger

APPROVED:

_____
Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A.
By Brian L. Bly (0083199)
Eric T. Deighton (0071456)
Attorneys for Plaintiff

_____
Christopher D. Betts (0068030)
Attorney for Defendant
Delaware County Treasurer

EXHIBIT A
Legal Description

File Number  J08-2845

Situated in the Township of Harlem, County of Delaware and the State of Ohio:

All that certain parcel of land situate in the Township of Harlem, County of Delaware, State of Ohio being known and designated as being part of Farm Lot F in Section 2, Township 3, Range 16 of the United States Military Lands, and being more particularly described as follows:

Commencing at a P.K. nail found at the intersection of the centerlines of County Road 17 (Harlem Road) and County Road 25 (Center Village Road);

Thence North 89° 59' 55" East, along the said centerline of County Road 25, a distance of 1786.08 feet to a P.K. nail set, being the True Point of Beginning of the following described tract;

Thence North 00° 13' 16" West, a distance of 688.09 feet to an iron pipe set, all iron pipes set are set with a plastic cap marked "SLSS RS 6612";

Thence North 89° 59' 55" East, a distance of 317.16 feet to an iron pipe set, being on the West line of a 8.77 acre tract now or formerly owned by Rick Garrabrant, as described in Deed Book 364, Page 683;

Thence South 00° 13' 16" East, along the said West line of the 8.77 acre tract, a distance of 688.09 feet to a railroad spike found, being in the centerline of County Road 25, also being the Southwest corner of the said 8.77 acre tract;

Thence South 89° 59' 55" West, along the centerline of County Road 25, a distance of 317.16 feet to the True Point of Beginning;

Containing 5.010 acres, more or less, being part of an original 36.361 acre tract.

Premises commonly known as:  11665 Center Village Road, Galena, Ohio 43021

Parcel No.: 31623001038000

NOTE:  Anything herein to the contrary notwithstanding, the Policy to be issued will not insure the accuracy of dimensions or the acreage of the premises contained in Schedule A.

End of Exhibit A Legal Description