UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANA  J. MILLER,

            Plaintiff,

      vs.

Case No. 2:11-CV- 393
District Judge Sargus
Magistrate Judge Kemp

COUNTRYWIDE HOME LOANS,
ET AL.,

            Defendants

## OPINION AND ORDER

This case, filed May 6, 2011, constitutes Plaintiff Dana J. Miller's second at-
tempt in this Court to pursue a variety of federal and state law complaints based,
generally, on the circumstances of, or related to, the refinancing his home loan and
mortgage on March 28, 2006, and the subsequent foreclosure proceedings against
him initiated by Defendant Countrywide Home Loans, Inc. (Countrywide) in the
Common Pleas Court of Delaware County, Ohio, on August 28, 2008, which led to
a judgment in foreclosure by that court on April 21, 2009, and the resulting sale of
Miller's home at sheriff's auction on Aug. 25, 2010.  See Miller v. Countrywide
Home Loans, Inc., 747 F.2d 947 (S.D. Oh., 2010); and Complaint herein, Doc.2.  Be-
sides Countrywide, the Defendants named in Miller's 2008 case were Quantum Ap-
praisal Company[1]  and Mortgage Electronic Registration Systems, Inc, (MERS)
named in documents pertinent to the foreclosure proceeding and also named as a

---

1.  Later voluntarily dismissed from that case by Plaintiff.

defendant in this case. The only party named here that was not a party to the 2008 case is Defendant Bank of America Corp., alleged in this Complaint to have "officially merged" with Countrywide "in 2008" and "by extension" participated in Countrywide's bad faith efforts "to lead Plaintiff to believe he would be approved for a loan modification." Doc. 2, ¶¶ 4-6, 37.

In its initial statement of "Jurisdiction and Venue," the Complaint in the present case asserts, generally, that the Court has jurisdiction "pursuant to 15 U.S.C. 1692 § 801 [sic.], et seq. , . . . the federal Fair Debt Collection Practices Act, the Fair Credit Reporting Act, [and] the common law, among other things."[2] Doc. 2, ¶ 8. In fact, Count I of the Complaint, which has already been considered and denied by the Court (see Order, Doc. 26, 8/2/11), sought "emergency temporary and permanent injunctive relief" without reference to any specific jurisdictional basis; and most of the Complaint's thirteen remaining counts rely specifically or inferentially on state, rather than federal law.[3]  The exceptions are: "Violation of the Fair Debt Collection Practices Act," which is expressly claimed by the title to the Complaint's Count VI and by inclusion of various sections of that statute within that count's allegations (Doc. 2, ¶¶ 62-68); "Violation of the Fair Credit Reporting Act" which is expressly claimed by the title to the Complaint's Count VII and by inclusion within that

---

2. Syntax accurately reproduced from the original, unaltered by the indicated omission.

3. Besides the three counts with express federal basis identified and discussed in the main text, the others are: Count II, Promissory Estoppel: Count III, Violation of The Ohio Consumer Sales Practices Act; Count IV, Common Law Fraud; Count V, Breach of Covenant of Good Faith and Fair Dealing; Count VIII, Bad Faith; Count IX, Abuse of Process; Count X, Civil Conspiracy; Couunt XI, Violation of Ohio's "Baby Rico" Statue; Count XII, Negligent Supervision; and Count XIV, Wrongful Eviction.

count's allegations of express reference to "15 U.S.C. §1681(s)(2)(b)" (See Doc. 2, ¶¶ 70-72); and, "Violation of RESPA" which is expressly claimed by title of the Complaint's Count XIII and by inclusion within its allegations of express reference to "provisions of the Fair Credit Reporting Act, ('RESPA'), 12 U.S.C. § 2601, et seq" and "violation of 12 U.S.C. § 2607."   See Doc. 2, Count XIII, ¶¶ 98-101.  The remainder of the Complaint does not expressly rely on any other federal statute or rule as a basis for claiming jurisdiction in this Court.

Defendants in this case have not answered, but, as they may do, have moved the Court directly under Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P., to dismiss the Complaint on the grounds that "the Court lacks subject matter jurisdiction by the Rooker-Feldman doctrine and the Complaint fails to state a claim upon which relief can be granted."  Doc. 30.  For reasons explained in Plaintiff's earlier case against Defendant Countrywide, the Court first considers whether the *Rooker-Feldman* doctrine properly bars this Court's subject matter jurisdiction over all federal claims otherwise adequately presented by Plaintiff's Complaint here (see 747 F.Supp.2d at 956-57).  For similar reasons, the Court concludes its subject-matter jurisdiction is not barred by application of that doctrine here, either,.

The *Rooker–Feldman* doctrine stands generally for the proposition that federal "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments" are " properly dismissed for want of subject-matter jurisdiction."  Exxon Mobil Corp. v. Saudi

3

Basic Industries Corp., 544 U.S. 280, 281 (2005). However, in Exxon Mobile, the

Court also points out what had by then become an over extension of the rule created

by its *Rooker-Feldman* doctrine:

> Variously interpreted in the lower courts, the doctrine has sometimes
> been construed to extend far beyond the contours of the *Rooker* and
> *Feldman* cases, overriding Congress' conferral of federal-court juris-
> diction concurrent with jurisdiction exercised by state courts, and
> superseding the ordinary application of preclusion law pursuant to 28
> U.S.C. § 1738. See, e.g., *Moccio v. New York State Office of Court
> Admin.*, 95 F.3d 195, 199-200 (C.A.2 1996).

544 U. S. at 283. The Court then held that application of the doctrine is properly

"confined to cases of the kind from which it got its name." Id. at 284.

Since Exxon-Mobil, our circuit has several times recognized this restricted

scope of the doctrine's proper application.

> . . . . [I]n the limited circumstances in which a plaintiff com-
> plains of an injury directly caused by a state-court judgment, if the
> plaintiff believes that the trial court did not give him or her a reason-
> able opportunity to pursue a claim, the proper course of action is to
> appeal the judgment through the state-court system and then to seek
> review by writ of certiorari from the U.S. Supreme Court. *Cf. Postma
> v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 n. 3 (8th
> Cir.1996) (collecting cases and concluding that "there is no procedural
> due process exception to the *Rooker-Feldman* doctrine"). However, if
> the plaintiff has a claim that is in any way independent of the state-
> court judgment, the *Rooker-Feldman* doctrine will not bar a federal
> court from exercising jurisdiction.

Abbott v. Michigan, 474 F.3d 324, 330 (6th Cir. 2007) (footnote omitted).
.

> . . . . Thus, the Rooker-Feldman doctrine does not prohibit all
> federal cases that are somehow related to a prior state-court decision.
> "If a federal plaintiff 'present[s] some independent claim, albeit one
> that denies a legal conclusion that a state court has reached in a case
> to which he was a party ..., then there is jurisdiction and state law
> determines whether the defendant prevails under principles of pre-
> clusion.' " *Id.* [Exxon Mobil] at 293, 125 S.Ct. 1517 (alteration and

4

omission in original) (quoting *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)).

In re Hamilton, 540 F.3d 367, 371-72 (6th Cir. 2008) (decided by a panel including this Court, sitting by designation).  See also more recent unpublished decisions in Pittman v. Cuyahoga County Dep't of Children & Family Serv., 241 Fed.Appx. 285, 287, 2007 WL 2050840 **3 (6th Cir. 2007) (citing McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006)), and Brown v. First Nationwide Mortg. Corp., 206 Fed.Appx. 436, 2006 WL 3289232 (6th Cir. 2006)).

Here, Plaintiff is not just seeking to have this Court review and reverse, or vacate, or set aside the state-court foreclosure judgment and/or related orders, and he is not basing his claims on alleged errors or deficiencies in those proceedings alone.  Rather, with the exception of Count I seeking "emergency temporary and permanent injunctive relief" (see Doc. 8, ¶¶ 38-42), Plaintiff is seeking compensatory damages in excess of  $75,000 plus unspecified punitive damages and attorney fees under each of the remaining counts (Doc. 8, ¶¶ 47, 51, 56, 61, 68, 72, 79, 83, 88, 91, 96, 101, 104, and Prayer for Relief, pp. 13-14).  Although he may claim in part based on such errors and deficiencies in the state-court proceedings (which *Rooker– Feldman* admittedly renders beyond the jurisdiction of this Court), his Complaint also makes related, but clearly separate, claims based on various alleged violations of federal and state law over which this Court may have jurisdiction unaffected by the earlier foreclosure judgment in state court.  Therefore, as this Court held in Plaintiff Miller's previous case, the *Rooker–Feldman* doctrine  does not operate to deprive this Court of subject-matter jurisdiction in this case.  See 747

F.Supp. 2d at 956-57.

As explained above, the Complaint here contains three claims of federal law violation under which this Court might have federal question jurisdiction: Violation of the Fair Debt Collection Practices Act (FDCPA) in Count VI; Violation of the Violation of the Fair Credit Reporting Act (FCRA) in Count VII; and Vioolation of Real Estate Settlement Procedures Act (RESPA) in Count XIII.  In his Memor-andum In Opposition to the present Motion to Dismiss, Plaintiff agrees to dismiss both the FDCPA claim (Doc. 35, pp. 4, 31) and the RESPA claim (Doc. 35, pp. 5, 38) provided Defendants agree, and in their Reply Memorandum, Defendants indicate they have no objection to such dismissals (Doc.36, p. 10).  Thus, the sole remaining count alleging federal-question jurisdiction is Count VII asserting FCRA violation by the "defendants" in "wrongfully, improperly, and illegally" reporting "negative information as to Plaintiff to one or more credit reporting agencies" resulting in the "lowering of his FICO score." Doc. 2, ¶ 71, p. 10.  Plaintiff then asserts this entitles him "to maintain a private cause of action for damages" "[p]ursuant to 15 U.S.C. 1681(s)(2)(b)." Doc. 2, ¶ 72.

This Court has recently described its responsibility in ruling on a Rule 12(b)(6) motion to dismiss in a somewhat similar case as follows:

> To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

6

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 555, 127 S.Ct. 1955.

JP Morgan Chase Bank, N.A. v. Horvath, S.D. Ohio No. 2:11-cv-534, 2012 WL 995397 *1 (footnote omitted). Here, because the motion is directed to a claim made under authority of a particular statute ("15 U.S.C. 1681(s)(2)(b)") the Court is required to determine no more than the elements of the cause of action and whether the complaint properly asserts those elements, supported by sufficient factual allegations. See Bridge v. Ocwen Federal Bank, FSB, 681 F.3d 355, 364 (6th Cir. 2012) (Clay, Circuit Judge, concurring in part) (citing Fed.R.Civ.P. 8(a)(2); Ashcroft v. Iqbal, 556 U.S. 662; and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56).

Barely a year ago, another branch of this court had occasion to examine the same question of sufficient pleadings under § 1681s-2(b) in a very similar case.[4] In Hammond v. CITIBANK, N.A., S.D. Ohio No. 2:10-cv-1071, 2011 WL 4484416, Judge Marbley ruled as follows:

> The Fair Credit Reporting Act is remedial legislation, which is to be liberally construed in favor of consumers. See Jones v. Federated Fin. Reserve Corp., 144 F.3d 961 (6th Cir.1998). Simply stated, FCRA regulates the communication of consumer reports by credit reporting agencies. 15 U.S.C. § 1681 et seq. The FCRA places specific requirements upon individuals and entities that qualify as consumer reporting agencies when they communicate consumer information that constitutes a "consumer report" under FCRA. Id.

> One such requirement is that "furnishers of credit information" must "report accurate information to consumer reporting agencies

---

4. The Court notes that many of the same claims arising out of a foreclosure action were there made by a plaintiff-mortgagor represented by the same counsel as in this case.

regarding a consumer's credit." *Bach v. First Union Nat'l Bank*, 149 F. App'x 354, 358 (6th Cir.2005) (citing 15 U.S.C. § 1681s–2(a)(1)(A)). If a consumer disputes the accuracy of information furnished to a credit reporting agency, the furnisher is obligated to investigate the dispute and correct any inaccuracies discovered. *Id.* (citing 15 U.S.C. § 1681s–2(b)(1)(A)-(D)). A plaintiff alleging violations of § 1681s–2(b) may bring a private cause of action to enforce his rights against the furnisher, *id.*, but only if the plaintiff can "show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed," *Downs v. Clayton Homes, Inc.*, 88 Fed. App'x 851, 853–54 (6th Cir.2004) (citing *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639–40 (5th Cir.2002)).

In this case, the Plaintiff has not alleged that he disputed the accuracy of the information the Defendants reported or that the Defendants received notice from a credit reporting agency of the dispute. The Plaintiff has therefore failed to plead all of the necessary elements of an FCRA claim. See *Downs*, 88 F. App'x at 854 ("In this case, the [plaintiffs] did not allege that they had filed a dispute with a credit reporting agency. Accordingly, they had no claim under the FCRA."); *Bridge v. Ocwen Fed. Bank*, 669 F.Supp.2d 853, 861–62 (N.D.Ohio 2009) (granting motion to dismiss § 1681 s–2(b) claim because plaintiff had "not alleged compliance with the statutory notice requirements").[5] The Court accordingly GRANTS the Defendants' motion to dismiss Count XIII.

Hammond v. Citibank, N.A., 2011 WL 4484416, *13. This Court agrees with Judge

Marbley's analysis and ruling and concludes for the same reasons that dismissal of

Plasintiff Miller's FCRA claim in Count VII here is likewise called for.[6]

With this ruling, the only remaining basis for federal-question jurisdiction is

removed from the case, and as the Court has already pointed out in Plaintiff's

---

5. The Bridge district court case was reversed, but only in an appeal on limited issues not affecting the validity of its citation here. See Bridge v. Ocwen Federal Bank, FSB, 681 F.3d 355, 358.

6. The ruling here is not in conflict with this Court's ruling in Chase Bank v. Horvath, cited above, because in that case the Court found that the plaintiffs *had* "alleged that, as required by the statute, they provided notice to the credit reporting agency that Chase had given the agency inaccurate information." 2012 WL 995397, *6.

earlier case, only if a basis for federal jurisdiction exists will it likely be appropriate for the Court to exercise its supplemental jurisdiction under 28 U.S.C. §1367 to rule on Plaintiff's state-law claims. See <u>Landfield v. Marion General Hospital Inc.</u>, 994 F.2d 1178, 1182 (6th Cir.1992) (Generally, if federal claims are dismissed before trial, state law claims should be dismissed as well. Citing <u>Taylor v. First of America Bank-Wayne</u>, 973 F.2d 1284 (6th Cir. 1992) and <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715 (1966)); <u>Rossi v. Gemma</u>, 489 F.3d 26, 39-40 (1st Cir. 2007) (quoting <u>Rodriguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1177 (1st Cir.1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit ... will trigger the dismissal without prejudice of any supplemental state-law claims.")); see also 28 U.S.C. §1367(c)(3). 747 F.Supp.2d at 956. The Court, therefore, will also decline to exercise such supplemental jurisdiction over the remaining state-law claims in this case.

Consistent with the foregoing analysis and rulings made above, the Court hereby ORDERS as follows:

The Motion to Dismiss of Defendants Countrywide Home Loans, Inc., Bank of America Corp., and Mortgage Electronic Registration Systems, Inc. (Doc. 30) is GRANTED as to COUNT VII of the Complaint (Doc. 2), for failure to state a cause of action, and the same is DISMISSED, without prejudice. Further, treating the parties' agreement to dismissals as consented amendments under Federal Rule of Civil Procedure 15(a), COUNTS VI and XIII of the Complaint are DISMISSED, without prejudice. Finally, the Court now declining to exercise its discretionary

supplemental jurisdiction over the state-law claims in COUNTS  II, III, IV, V, VIII,

IX, X, XI, XII, and XIV of the Complaint, the same are also DISMISSED, without

prejudice.

IT IS SO ORDERED.

_____9 - 28 - 2012_____
Dated

_____
EDMUND A. SARGUS, JR.
United States District Judge

10